# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN EARL JORDAN, JR. | § | PETITIONER |
| | § | |
| v. | § | CAUSE NO. 1:05CV46 LG-JMR |
| | § | |
| GEORGE H. PAYNE, JR., ET AL. | § | RESPONDENTS |

## ORDER DENYING MOTION FOR ORDER OF VOID JUDGMENT

BEFORE THE COURT is the Petitioner's Motion [17] For Order of Void Judgment. The Judgment was entered on June 14, 2005, and this Motion was filed approximately four years later, on July 30, 2009. Petitioner contends that he should be relieved from the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).

Rule 60(b)(4) provides that the court may relieve a party from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). "A judgment is void for purposes of Rule 60(b)(4) if the court that rendered it entered an order outside its legal powers." *Carter v. Fenner,* 136 F.3d 1000, 1005 (5th Cir. 1998). If the court had subject matter and personal jurisdiction, relief under Rule 60(b)(4) is appropriate only if "the district court acted in a manner so inconsistent with due process as to render the judgment void." *Callon Petrol. Co. v. Frontier Ins. Co.,* 351 F.3d 204, 210 (5th Cir. 2003) (internal quotation marks omitted). Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). "[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *Id.* (quoting *Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1027 (5th Cir. 1982)). There is no time limit on Rule 60(b)(4) motions. *Jackson v. FIE Corp*. 302 F.3d 515, 523 (5th Cir. 2002). They need not even be made within a "reasonable time." *Callon*, 351 F.3d at 208 n.3 (citations omitted).

Jordan filed the underlying application for writ of habeas corpus pursuant to 28 U.S.C. § 2243 while a pretrial detainee in Harrison County, Mississippi, complaining that certain of his Constitutional rights had been violated in the course of the proceedings against him. After he filed the petition, he pled guilty to the charges, and consequently waived the right to pursue the claims. *See* Mem. Op. & Order Dismissing Writ of Habeas Corpus, June 14, 2005 (Ct. R. 15 at 3-4). He now contends he was denied due process because he did not receive notice of the Court's ruling, and was unaware that the petition had been dismissed. There is no question that both personal and subject matter jurisdiction exist in this case.

The electronic filing notice shows that notice of the Court's Order was mailed ("delivered by other means") to Jordan at his address of record at the time. The mail was never returned to the Court as undeliverable. The purported failure of a court to provide notice of a final judgment has been consistently held to be inadequate to excuse a late filed notice of appeal. *Alamo Chem. Transp. Co. v. M/V Overseas Valdes*, 744 F.2d 22, 24 (5th Cir. 1984); *Ali v. Lyles*, 769 F.2d 204, 205 (4th Cir. 1985); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court therefore finds that Jordan's lack of notice in this case is not so inconsistent with due process as to render the judgment void. He is not entitled to relief from judgment under FED. R. CIV. P. 60(b)(4).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petitioner's Motion [17] For Order of Void Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of September 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge